IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, STATE OF FLORIDA
CIVIL DIVISION
(JACKSONVILLE)

JACQULYN DOPSON and
FRANKLIN DOPSON,

       Plaintiffs,                     CASE NO.:

-VS-

NCO FINANCIAL SYSTEMS, INC.,

       Defendant
_____/

## COMPLAINT

The Plaintiff, by and through the undersigned counsel, sues the Defendant, and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1.    This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

2.    Jurisdiction and venue for purposes of this action are appropriate and conferred by Florida Statutes.

3.    The alleged violations described in the Complaint occurred in Duval County, Florida.

### FACTS COMMON TO ALL COUNTS

4.    Defendant is the corporate entity responsible for attempting to collect a consumer debt from Plaintiffs.

5.    Defendant consents of and has knowledge and control of the collection activities of their agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors for an alleged debt of Plaintiffs' sister-in-law/sister, Loraine Dopson, who is

deceased.

6.     Defendant intentionally and willfully harassed and abused Plaintiff by their agents and representatives attempting to collect on an alleged debt of which Plaintiffs had no knowledge and did not owe.

7.     Defendant intentionally harassed and abused the Plaintiffs on numerous occasion  by their agents and representatives calling several times during one day and on back to back days beginning in March 2007 and continuing through and including March  22, 2008.

8.     Defendant intentionally harassed and abused the Plaintiffs by their agents and representatives, including but not limited to an individual known as Cheryl Baker, who was identified as the manager, during the last week of March 2007, getting on the phone and  taking down all of the information concerning the death of Loraine Dopson due to cancer,  and promising Plaintiffs  that the calls would stop; however, the calls continued the very next day and have continued daily thereafter,  putting the Plaintiffs through the same stress and questioning.

9.     Defendant intentionally harassed and abused the Plaintiff, Jacqulyn Dopson, by their agents and representatives' calling the Plaintiff and when Mrs. Dopson told her that she could not remember the exact day of the sister-in-law's death, the representative yelled, "You don't know when your sister-in-law died?"

10.    Plaintiffs' damages pursuant to Florida Statutes including § 559.77 have continued and are continuing as of the filing of this complaint.

11.     All conditions precedent to the filing of this action have occurred.

## COUNT I

**(Violation of the Florida Consumer Collection Practices Act "FCCPA")**
Plaintiff- JACQULYN DOPSON,  re-alleges paragraphs 1 through 11 above and further states:

12.     At all times relevant to this action Defendant is subject to and must abide by the

2

law of Florida, including Florida Statute § 559.72.

13.     Defendant has violated Florida Statute §559.72(7) by willfully engaging in

conduct which can reasonably be expected to harass the debtor.

14.     Defendant has violated Florida Statute §559.72(7) by willfully engaging in

conduct which can reasonably be expected to abuse the debtor

15.     Defendant has violated Florida Statute §559.72(8)

16.     Defendant has violated Florida Statute §559.72(9)

17.     Defendant's actions have directly and proximately resulted in Plaintiff's prior

and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, the Plaintiff, JACQULYN DOPSON, respectfully demands a trial by

jury of all issues so triable and judgment against Defendants for statutory damages, punitive

damages, actual damages, an injunction from similar conduct, costs, interest, attorney fees and

any such other relief this Honorable Court deems appropriate in the spirit of Justice

## COUNT II
### (Violation of the Fair Debt Collection Practices Act – FDCPA)

The Plaintiff- JACQULYN DOPSON- re-alleges paragraphs one (1) through thirteen (11) as if
fully restated herein and further states as follows:

18.     The Defendant violated provisions of 15 U.S.C. §1692c(b) by communicating with third

parties, without the prior consent of the consumer given directly to the debt collector, or the

express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate

a post judgment judicial remedy, and by communicating, in connection with the collection of any

debt, with any person other than a consumer, his attorney, a consumer reporting agency if

otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt

collector.

19.     The Defendant violated provisions of 15 U.S.C. §1692d by engaging in conduct in which

3

the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

20. The Defendant violated provisions of 15 U.S.C. §1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

21. The Defendant violated provisions of U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

22. The Defendant violated provisions of U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** the Plaintiff, JACQULYN DOPSON, respectfully demands a trial by jury of all issues so triable and judgment against Defendants for statutory damages, punitive damages, actual damages, an injunction from similar conduct, costs, interest, attorney fees and any such other relief this Honorable Court deems appropriate in the spirit of Justice.

## COUNT III

**(Violation of the Florida Consumer Collection Practices Act "FCCPA")**
Plaintiff-FRANKLIN DOPSON re-alleges paragraphs 1 through 11 above and further states:

23. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

24. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to harass the debtor.

25. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the debtor

26. Defendant has violated Florida Statute §559.72(8)

4

the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

20.    The Defendant violated provisions of 15 U.S.C. §1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

21.    The Defendant violated provisions of U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

22.    The Defendant violated provisions of U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

WHEREFORE, the Plaintiff, JACQULYN DOPSON, respectfully demands a trial by jury of all issues so triable and judgment against Defendants for statutory damages, punitive damages, actual damages, an injunction from similar conduct, costs, interest, attorney fees and any such other relief this Honorable Court deems appropriate in the spirit of Justice.

## COUNT III

**(Violation of the Florida Consumer Collection Practices Act "FCCPA")**
Plaintiff-FRANKLIN DOPSON  re-alleges paragraphs 1 through 11 above and further states:

23.    At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

24.    Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to harass the debtor.

25.    Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the debtor

26.    Defendant has violated Florida Statute §559.72(8)

4

27.     Defendant has violated Florida Statute §559.72(9)

28.     Defendant's actions have directly and proximately resulted in Plaintiff's prior

and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, the Plaintiff, FRANKLIN DOPSON, respectfully demands a trial by

jury of all issues so triable and judgment against Defendants for statutory damages, punitive

damages, actual damages, an injunction from similar conduct, costs, interest, attorney fees and

any such other relief this Honorable Court deems appropriate in the spirit of Justice

## COUNT IV

### (Fair Debt Collection Practices Act – FDCPA)

The Plaintiff, FRANKLIN DOPSON,  re-alleges paragraphs one (1) through thirteen (11) as if
fully restated herein and further states as follows:

29.     The Defendant violated provisions of 15 U.S.C. §1692c(b) by communicating with third

parties, without the prior consent of the consumer given directly to the debt collector, or the

express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate

a post judgment judicial remedy, and by communicating, in connection with the collection of any

debt, with any person other than a consumer, his attorney, a consumer reporting agency if

otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt

collector.

30.     The Defendant violated provisions of 15 U.S.C. §1692d by engaging in conduct in which

the natural consequence of which is to harass, oppress, or abuse any person in connection with

the collection of a debt.

31.     The Defendant violated provisions of 15 U.S.C. §1692d(5) by causing a telephone to ring

or engaging any person in telephone conversation repeatedly or continuously with intent to

annoy, abuse, or harass any person at the called number.

5

32.    The Defendant violated provisions of U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

33.    The Defendant violated provisions of U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** the Plaintiff, FRANKLIN DOPSON, respectfully demands a trial by jury of all issues so triable and judgment against Defendants for statutory damages, punitive damages, actual damages, an injunction from similar conduct, costs, interest, attorney fees and any such other relief this Honorable Court deems appropriate in the spirit of Justice

Respectfully submitted,

William Peerce Howard, Esquire
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 0103330
Attorney for Plaintiff

6